No. 23-10678-B

# In the
# United States Court of Appeals
# for the Eleventh Circuit

BRIAN ALBERT,

*Appellant,*

vs.

ASSOCIATION OF CERTIFIED ANTI-MONEY LAUNDERING SPECIALISTS,

*Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

NO. 1:18-CV-05464-SCJ

**BRIEF OF APPELLANT**

E. Travis Ramey
Appellate Advocacy Clinic
University of Alabama School of Law
Box 870382
101 Paul W. Bryant Drive, East
Tuscaloosa, Alabama 35487
(205) 348-4960
tramey@law.ua.edu

*Counsel for Appellant Brian Albert*

No. 23-10678-B

BRIAN ALBERT,

*Appellant,*

vs.

ASSOCIATION OF CERTIFIED ANTI-MONEY LAUNDERING SPECIALISTS,

*Appellee.*

## AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Counsel of record for Appellant Brian Albert certifies that the persons below have an interest in the outcome of this appeal. Counsel makes these representations for the Judges of this Court to evaluate possible disqualification or recusal.

ACAMS (Australia) Pty. Ltd.

ACAMS (HK) Ltd. (including ACAMS Consulting (Beijing) Co. and ACAMS (Taiwan) Limited)

ACAMS (Panama) S. de R.I.

ACAMS (Singapore) Pte. Ltd

ACAMS (UK) Ltd.

ACAMS AFC Training (Canada) Inc.

ACAMS France SAS

ACAMS GRC (India) LLP

C-1 of 4

No. 23-10678-B

*Brian Albert v. Association of Certified Anti-Money Laundering Specialists*

ACAMS GRC GmbH

ACAMS Japan K.K.

ACAMS Mexico, S. de R.L. de C.V.

ACAMS North America Chapters, Inc.

Adtalem Global Education Inc. (NYSE: ATGE)

AGM Acquisition Corp.

Albert, Brian

Alert Global Media LLC

Alston & Bird, LLP

Association of Certified Anti-Money Laundering Specialists, LLC

Avalon Acquiror, Inc.

Avalon Intermediate Holdco, Inc.

Avalon Parent Holdco, Inc.

Baverman, Hon. Alan J.

Becker Professional Development Corporation

Brewerton-Palmer, Sarah A., Esq.

Caplan Cobb LLP

Cobb, James William, Esq.

Crowther, Robyn, Esq.

C-2 of 4

No. 23-10678-B

*Brian Albert v. Association of Certified Anti-Money Laundering Specialists*

Expansion 17 SCA FIAR

Fuller, Hon. J. Clay

Global Performance 17 SCA FIAR

Hunt, John R., Esq.

Jones, Hon. Steve C.

Jones Day

Lanova Lux S.à r.l.

Nsikak, Victoria

Palacios, Patricia, Esq.

Pannell, Hon. Charles A., Jr.

Ramey, E. Travis, Esq.

Schwartz, Amanda, Esq.

Steptoe & Johnson LLP

Stokes Wagner, ALC

Suttle, Brooks A., Esq.

Totenberg, Hon. Amy

University of Alabama School of Law—Appellate Advocacy Clinic

Walsh, Elaine Rogers, Esq.

No. 23-10678-B

*Brian Albert v. Association of Certified Anti-Money Laundering Specialists*

Wendel Luxembourg SA

Wendel SE

Respectfully submitted,

s/ E. Travis Ramey

E. Travis Ramey

Attorney for Appellant
Brian Albert

**OF COUNSEL:**
Appellate Advocacy Clinic
University of Alabama School of Law
Box 870382
101 Paul W. Bryant Drive, East
Tuscaloosa, Alabama 35487
(205) 348-4960
tramey@law.ua.edu

## ORAL ARGUMENT STATEMENT

Appellant Brian Albert requests oral argument. This appeal presents two questions. First, this appeal presents a question of first impression in this Court: the proper analytical framework for Section 309 of the Americans with Disabilities Act. Oral argument will assist this Court in its decision-making when answering this question for the first time.

The second question is whether genuine issues of material fact should have precluded the district court from determining that Appellee Association of Certified Anti-Money Laundering Specialists (ACAMS) could lawfully refuse Albert's requested accommodations given his learning disabilities. Learning disability manifest differently from person to person, and oral argument will allow the Court to ask questions specifically tailored to Albert's need for accommodations and medical history.

This case also has an extensive procedural history, including a previous appeal to this Court. Oral argument would allow the advocates to help the Court navigate the complex record.

Thus, oral argument is likely to assist the Court's decisional process. *See* Fed. R. App. P. 34(a)(2); 11th Cir. R. 34-3(b).

Finally, the Appellate Advocacy Clinic that represents Albert has a dual mission: to represent clients and to educate law students. To the extent the Court finds it a relevant factor, oral argument would present a significant opportunity to further the Clinic's pedagogical mission.

# TABLE OF CONTENTS

**Oral Argument Statement**............................................................**i**

**Table of Authorities**................................................................ **iv**

**I.**      **Statement of Jurisdiction**....................................**1**

**II.**     **Statement of the Issues** ........................................**2**

**III.**    **Statement of the Case** ...........................................**3**

    A.    Nature of the case ..................................................... 3

    B.    Statement of the Facts............................................. 4

    C.    Procedural History .................................................. 6

    D.    Standards of Review ................................................ 9

**IV.**     **Summary of the Argument** ...............................**11**

**V.**      **Argument**.................................................................**13**

    A.    The necessity element of the district court's test has no basis in section 309.......................................................... 13

    B.    There are genuine issues of material fact as to whether Albert's requested accommodation is reasonable, necessary, or would fundamentally alter the exam................................17

**VI.**     **Conclusion**.............................................................**23**

**Certificate of Compliance** ...............................................**24**

**Certificate of Service** .......................................................**25**

TABLE OF AUTHORITIES

## Cases

*A.F. v. Ass'n of Am Med. Colls.*,
No. 2:23-cv-1241, 2023 WL 4072128 (S.D. Ohio June 20, 2023)
............................................................................................... 14

*A.L. ex rel. D.L. v. Walt Disney Parks & Resorts US, Inc.*,
900 F.3d 1270 (11th Cir. 2018)
.............................................................................. 10, 17, 18

*Albert v. Ass'n of Certified Anti-Money Laundering Specialists, LLC*,
No. 21-12333, 2022 WL 1415867 (11th Cir. May 4, 2022)
......................................................................... 7, 13, 14

*Campbell v. Universal City Dev. Partners, Ltd.*,
72 F.4th 1245 (11th Cir. 2023)
..................................................................................... 8

*Cox v. Ala. State Bar*,
392 F. Supp. 2d 1295 (M.D. Ala. 2005)
................................................................................. 18

*Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*,
896 F. Supp. 2d 849 (N.D. Cal. 2012)
................................................................................. 16

*Doe v. Nat'l Bd of Med. Exam'rs*,
199 F.3d 146 (3d Cir. 1999)
................................................................................. 16

*Freemanville Water Sys., Inc. v. Poarch Band of Creek Indians*,
563 F.3d 1205 (11th Cir. 2009)
................................................................................. 15

*Fuji Photo Film Co. v. Int'l Trade Comm'n*,
474 F.3d 1281 (Fed. Cir. 2007)
................................................................................. 21

## Cases

*Joassin v. Murphy*,
661 F. App'x 558 (11th Cir. 2016)
...............................................................................21

*Mize v. Jefferson City Bd. of Educ.*,
93 F.3d 739 (11th Cir. 1996)
...............................................................................22

*Morton v. Kirkwood*,
707 F.3d 1276 (11th Cir. 2013)
...............................................................................17

*PGA Tour, Inc. v. Martin*,
532 U.S. 661 (2001)
...........................................................................8, 14

*Ramsay v. Nat'l Bd. of Med. Exam'rs*,
No. 19-cv-2002, 2019 WL 7372508 (E.D. Pa. Dec. 31, 2019)
...............................................................................14

*Rawdin v. Am. Bd. of Pediatrics*,
985 F. Supp. 2d 636 (E.D. Pa. 2013), *aff'd,* 582 F. App'x (3d Cir. 2014)
...............................................................................14

*Reeves v. Sanderson Plumbing Prods., Inc.*
530 U.S. 133 (2000)
.........................................................................18, 22

*Russell v. United States*,
464 U.S. 16 (1983)
...............................................................................15

*Sapperstein v. Hager*,
188 F.3d 852 (7th Cir. 1999)
...............................................................................21

*United States v. Wong Kim Bo*,
472 F.2d 720 (5th Cir. 1972)
...............................................................................15

**Statutes**

28 U.S.C. § 1291...................................................................1

28 U.S.C. § 1331...................................................................1

42 U.S.C. § 12101.................................................................1

42 U.S.C. § 12102(1)(A).......................................................4

*42 U.S.C. § 12182..................................................... *passim*

*42 U.S.C. § 12189..................................................... *passim*

**Regulations**

28 C.F.R. § 36.309(b)(1)(i) ...............................................16

28 C.F.R. § 36.309(b)(1)(v) ..............................................19

**Rules**

Fed. R. App. P. 4(a)(2) ........................................................1

Fed. R. App. P. 34(a)(2) ........................................................i

Fed. R. Civ. P. 58(a) ............................................................1

Fed. R. Civ. P. 58(c)(2) ........................................................1

Fed. R. Civ. P. 58(c)(2)(B) ...............................................1, 9

11th Cir. R. 34-3(b) ..............................................................i

**Other Authority**

Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 25, at 170 (2012) ..........................................15

## I.    STATEMENT OF JURISDICTION

The United States District Court for the Northern District of Georgia had jurisdiction to hear Albert's petition under 28 U.S.C. § 1331 because he alleged that ACAMS violated his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

After remand, the district court granted ACAMS' motion for summary judgment on January 23, 2023. (ECF 154 at 20). The district court did not, however, enter judgment on a separate document, as Federal Rule of Civil Procedure 58(a) requires. As a result, the district court's grant of summary judgment was not yet a final order. *See* Fed. R. Civ. P. 58(c)(2). Albert filed his notice of appeal on February 23, 2023. (ECF 156.)

Because the district court never entered judgment in a separate document, the judgment did not become final until 150 days elapsed, which was June 22, 2023. *See* Fed. R. Civ. P. 58(c)(2)(B). Under Federal Rule of Appellate Procedure 4(a)(2), because Albert filed his notice appeal after the district court entered its order but before the entry of judgment, his notice of appeal "is treated as filed on the date of and after the entry" of the judgment. Thus, Albert's notice of appeal is timely, and this Court has appellate jurisdiction. *See* 28 U.S.C. § 1291.

1

## II.    STATEMENT OF THE ISSUES

1.    Under section 309 of the Americans with Disabilities Act, must a party seeking a reasonable accommodation show that a requested accommodation is reasonable, necessary, and does not fundamentally alter the nature of the exam? Is it sufficient for the party to show the requested accommodation is reasonable and an alternative accessible arrangement, per the language of section 309 itself?

2.    Under Rule 56 and long-standing precedent, does a district court err when, at summary judgment, it discredits and determines the credibility of evidence and testimony favorable to the non-movant?

3.    Under Rule 56 and long-standing precedent, does a district court err when, at summary judgment, it credits testimony favorable to the movant that comes from interested witnesses?

2

## III.   STATEMENT OF THE CASE

## A.    Nature of the case

This case is about the appropriate standard for assessing whether an entity that administers a certification exam has violated the ADA by refusing a requested testing accommodation. It also concerns the appropriate standard for district courts to assess evidence when a party moves for summary judgment.

When Brian Albert sought to take a certification exam that ACAMS administers, he requested testing accommodations. And ACAMS refused to give him one of the accommodations he requested. Albert brought this suit and, after an appeal and instructions from this Court to the district court to assess Albert's remaining claim under section 309 of the ADA, the district court imported a section-302-like test to rule out Albert's requested accommodation. That was error. It also discredited evidence favorable to Albert and credited testimony favorable to ACAMS that came from interested witnesses. That was error too.

The Court should reverse and remand.

## B.    Statement of the Facts

Albert suffers from an anxiety disorder and a specific learning disorder that inhibits his ability to learn. (ECF 1 at 4; ECF 66-2 (Exs. B & S under seal); ECF 68-2 at 3.) These disorders hinder Albert's ability to perform everyday activities, specifically reading. (*Id.*) These impairments put Albert within definition of "disability" for purposes of the ADA. *See* 42 U.S.C. § 12102(1)(A).

When Albert attended the University of Northern Iowa for his undergraduate studies, he depended on testing accommodations to counter his learning difficulties. (ECF 1 at 6; ECF 68-3 at 2–3.) The University allowed Albert to use a computer during his tests to help him understand the pronunciation of certain words and so he could use digital books. (*Id.*) These accommodations allowed Albert to complete his classes and graduate. (*Id.*)

After working as a compliance officer for a bank for more than ten years, Albert sought to advance his career by becoming certified as an examiner in money laundering. (*See* ECF 66 at 13–14.) So Albert registered to take the CAMS certification exam, which is typically a "closed book" exam. (ECF 66-1 at 6–7.) But Albert requested to take the test in

4

an "open book" style on the recommendation of licensed clinical psychologist, Dr. Kristen Moore. (ECF 75 at 2–3.) Albert requested that ACAMS allow him to use a computer while he took the exam so he could ascertain the pronunciation of certain words and so he could use digital books—similar to the accommodations he had received at the University of Northern Iowa. (ECF 75 at 2; ECF 66 at 14; ECF 68-2 at 2; ECF 68-3 at 2–3.) When he made that request, Albert provided documentation to ACAMS that supported his need for these accommodations. (ECF 66 at 14; ECF 68-2 at 3.) That documentation included information from Dr. Moore that ACAMS should allow Albert to "use … a computer to access the pronunciation of words[; and] b) access digital books in order to take tests in an "open book" test style and permission to take tests in an "open book" test style. (ECF 68-2 at 3.)

ACAMS reviewed Albert's request for accommodations, but Catalina Martinez (ACAMS Senior Certification and Training Administrator) decided not to grant Albert's accommodation requests in full. (ECF 68 at 5; ECF 68-2 at 3.) It agreed to some, limited accommodations, but it refused to allow Albert to "provide the accommodation related to open book style testing." (ECF 68-3 at 4; *see also* ECF No. 68 at 5; ECF 68-2 at 3.)

5

Martinez and Albert exchanged emails. (ECF 68-3 at 2–3.) Martinez told Albert that ACAMS would not allow him access to digital books or take the test "open book." (*Id.*) Albert offered to take the exam under ACAMS' limitations, but he pointed out that the University of Northern Iowa had never refused this accommodation. (*Id.*) And Martinez responded by declining Albert the opportunity to take the exam and issuing a refund. (*Id.*)

## C.    Procedural History

Albert filed a complaint in the United States District Court for the Northern District of Georgia, alleging two counts of violations of the ADA. (ECF 1 at 9–11.) After discovery, ACAMS moved for summary judgment on all counts. (ECF 65.) Albert replied in opposition, (ECF 74), and ACAMs filed a reply, (ECF 79).

The district court granted summary judgment to ACAMS on Albert's retaliation claim and granted summary judgment in part on Albert's claim of ADA discrimination based on failure to accommodate his disability. (ECF 114 at 20–21.) The court granted summary judgment on Albert's claim of failure to accommodate his based on his request to take the test with access to digital books or otherwise "open book," holding that open-book testing was not a reasonable accommodation. (*Id.* at 9–

6

15.) The court held, however, that there were issues of fact about whether ACAMS had approved and offered Albert the other requested accommodations. (*Id.* at 15–17.)

After supplemental briefing, the court granted summary judgment to Albert on his claim of ADA discrimination related to his other requested accommodations. (ECF 119 at 11–14.) The court, however, denied Albert's request that it reconsider its partial grant of summary judgment to ACAMS. (*Id.* at 14–15; *see also* ECF 116.) Albert appealed. (ECF 128.)

On appeal, this Court held that the district court had applied an incorrect legal standard when it assessed Albert's open-book testing claim under section 302 of the ADA instead of section 309. *See Albert v. Ass'n of Certified Anti-Money Laundering Specialists*, LLC, No. 21-12333, 2022 WL 1415867, at *2 (11th Cir. May 4, 2022) [Albert I]. The Court remanded the case for revaluation of Albert's open-book-testing claim under Section 309. *See id.*

On remand, without the benefit of any supplemental briefing on the section 309 standard, the district court again granted summary judgment to ACAMS on Albert's open-book testing claim. (ECF 154 at 5–20.) The

7

court reasoned that Albert could be entitled to an open-book-testing ac-commodation only if that accommodation were reasonable, necessary, and did not fundamentally alter the nature of the exam. (*See id.* at 8–9 (citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 683 n.38 (2001)).) Defer-ring to ACAMS "academic" assessment, the court determined that Al-bert's requested accommodation was not reasonable and would funda-mentally alter the ACAMS exam. (ECF 154 at 11.) In reaching this deci-sion, the court relied heavily on the declaration of Steven Oxman, ACAMS' Director of Global Certification and Training. (*Id.* at 12–13.)

The district court also held that Albert had not shown that the open-book-testing accommodation was necessary. Borrowing from the Fair Housing Act, the Rehabilitation Act, and the same section 302 it had applied before remand, the district court applied the following test to de-termine whether the accommodation was necessary:

> First, the Court will evaluate how the Exam is administered to nondisabled exam takers. Second, the Court will determine whether the provided accommodations gave Plaintiff an equal opportunity to take the Exam successfully. Third, whether the requested accommodation placed Plaintiff on equal footing with the non-disabled exam takers.

8

(ECF 154 at 14.) The court held that people without disabilities took the exam "closed book." (*Id.* at 14–15.) The court acknowledged the report from Dr. Moore regarding Albert's need to take the exam with access to digital book, but the court discounted that evidence because Dr. Moore did not explicitly tie the accommodation to a symptom or difficulty resulting from Albert's disabilities. (*Id.* at 16–18.) So the court held that an open book exam would not give Albert "an equal opportunity to complete the exam successfully." (*Id.* at 18.) And, relying on Oxman's declaration describing the exam, the court concluded that an open-book format would not place Albert on equal footing with non-disabled exam takers. (*Id.* at 18–19.)

Although it granted summary judgment to ACAMS, the district court did not enter judgment on a separate document. Albert filed a notice of appeal, (ECF 156), and roughly four months later, the trial court's grant of summary judgment became final. *See* Fed. R. Civ. P. 58(c)(2)(B).

## D.    Standards of Review

The Court reviews de novo a district court's grant of summary judgment. *See Campbell v. Universal City Dev. Partners, Ltd.*, 72 F. 4th 1245, 1250–51 (11th Cir. 2023). The Court views the evidence and draws all

9

inferences in the non-moving party's favor, and it "does not weigh con-flicting evidence of determine the credibility of witnesses." *A.L. ex rel. D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018).

## IV.  SUMMARY OF THE ARGUMENT

When ACAMS refused Albert's request for alternative accessible arrangements—to take the CAMS certification exam open book—Albert brought this suit. The district court granted summary judgment to ACAMS, holding that Albert's requested accommodation was not reasonable or necessary and would fundamentally alter the nature of the exam. That was error, and this Court should reverse.

1.    The district court applied the wrong test when it assessed Albert's requested accommodation. It performed a "necessity" analysis that comes from ADA section 302. But this Court has held that section 309 governs Albert's claim. Differences in the language Congress used in sections 302 and 309 show the two sections have different meanings. As other courts have reasoned, section 309 requires alternative accessible arrangements so long as they are reasonable, with a focus on arrangements that ensure that exams assess abilities and not disabilities. Here, Albert's request to take the exam open book satisfies section 309.

2.    When it performed its analysis, the district court misapplied the summary judgment standard. Instead of crediting all evidence favoring Albert and discrediting evidence favoring ACAMS that comes from

11

interested witnesses, the court did the opposite. It discredited Dr. Moore's statements about what accommodations Albert needed and the University of Northern Iowa's previous accommodation of Albert with open-book exams. And it credited statements by Oxman about the reasonableness and necessity of Albert's requested accommodations even though, as an ACAMS employee, Oxman is an interested witness. At minimum, Albert's evidence conflicts with ACAMS' evidence, which makes summary judgment inappropriate.

For these reasons, the Court should reverse the district court's grant of summary judgment and remand.

## V.    ARGUMENT

The district court applied a three-part test to Albert's requested accommodation. Is it reasonable? Is it necessary? Does it fundamentally alter the nature of the exam? That test's necessity element has no basis in section 309, and the court misapplied the summary judgment standard when it assessed those elements. This Court should reverse and remand.

## A.    The necessity element of the district court's test has no basis in section 309.

This Court has held that section 309 of the ADA is the proper statutory section for assessing Albert's request to take the exam with access to digital books or otherwise "open book." *See Albert I*, 2022 WL 1415867, at *2. The plain language of section 309 requires those offering certification or licensing exams to do so in places and manners that make them accessible to those with disabilities or to offer "alternative accessible arrangements." 42 U.S.C. § 12189.

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

*Id.*

13

Although this Court has not decided the standard for a section 309 claim, courts assessing such claims have looked to whether the requested accommodation was reasonable. *See, e.g.*, *A.F. v. Ass'n of Am. Med. Colls.*, No. 2:23-cv-1241, 2023 WL 4072128, at *7 (S.D. Ohio June 20, 2023); *Ramsay v. Nat'l Bd. of Med. Exam'rs*, No. 19-cv-2002, 2019 WL 7372508, at *9 (E.D. Pa. Dec. 31, 2019); *Rawdin v. Am. Bd. of Pediatrics*, 985 F. Supp. 2d 636, 647-48 (E.D. Pa. 2013), *aff'd,* 582 F. App'x 114 (3d Cir. 2014). So the statute requires ACAMS to offer "alternative accessible arrangements"—accommodations—to Albert subject to those accommodations being reasonable. That's the test.

To that test, however, the district court appended a necessity requirement not found in section 309. It did so relying on *PGA Tour, Inc. v. Martin*, (ECF 154 at 8–9), a case the Supreme Court decided under section 302, *see Martin*, 532 U.S. at 676, which this Court has already held is the wrong rule of decision, *Albert I*, 2022 WL 1415867, at *2. So despite explicit instructions to apply section 309 and not section 302, the district court imported a necessity standard from section 302.

Further, differences in the statutory language used in sections 302 and 309 suggest they have different meanings. Section 309 requires

14

"alternative accessible arrangements." 42 U.S.C. § 12189. But section 302 repeatedly uses the word "necessary" to describe the conditions under which an entity must grant an accommodation. *See generally* 42 U.S.C. § 12182. When Congress includes "particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)); *accord Freemanville Water Sys., Inc. v. Poarch Band of Creek Indians*, 563 F.3d 1205, 1209 (11th Cir. 2009); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 25, at 170 (2012) ("[A] material variation in terms suggests a variation in meaning.").

Other courts agree that section 309, with its use of "alternative accessible arrangements," requires something different than section 302 requires. Instead, they note that "the notion of accessibility" is about "best ensuring that examination results accurately reflect 'aptitude or achievement level'" and that accessibility "mandates changes to examinations—'alternative accessible arrangements,'—so that disabled people who are disadvantaged by certain features of standardized examinations may

15

take the examinations without those features that disadvantage them." *Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 156 (3d Cir. 1999) (citation omitted). That is, the accommodation requirement for purposes of section 309 is about making sure that exams test a person's ability, not their disability. *See* 28 C.F.R. § 36.309(b)(1)(i); *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*, 896 F. Supp. 2d 849, 869 (N.D. Cal. 2012) ("[T]he test provider has the burden of proving it best ensured that the test equally measured abilities of disabled and non-disabled test takers. That interpretation is consistent with § 12189 which places a general duty on test providers to offer accessible examinations or offer alternative accessible arrangements, and the DOJ's regulation at 28 C.F.R. § 36.309(b)(1)(i) which likewise requires test providers to "best ensure" that the examination accurately reflects aptitude or achievement levels, not impaired skills.").

By grafting a "necessity" element onto the requirement to provide alternative accessible arrangements, the district court shifted the analysis from whether the accommodation Albert had requested would result in ACAMS testing his ability instead of his disability to an analysis of some hypothetical level playing field that might result from the

16

accommodation.[1] And in doing so, it ignored key distinctions between section 309 and section 302, effectively reapplying section 302 through a back door. That was error.

Albert's request to take the exam open book due to his specific learning and comprehension disabilities falls within the bounds of an alternative accessible arrangement within the plain meaning of section 309. By submitting his accommodation form he requested accommodations that would ensure his exam would test his abilities rather than the limits of his disability.

**B.    There are genuine issues of material fact as to whether Albert's requested accommodation is reasonable, necessary, or would fundamentally alter the exam.**

Summary judgment is appropriate only when there is no genuine issue of fact. *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013). When deciding whether a genuine issue of material fact exists, the district court should construe all evidence in favor of the non-movant and draw all inferences in the non-movant's favor. *See A.L. ex rel. D.L.*, 900

---

[1] The same is equally true for the trial court's focus on whether Albert's requested accommodation would alter the nature of the exam. (*See* ECF 154 at 8–9.) But the effect of the accommodation on the nature of the exam is likely relevant to whether the accommodation is reasonable.

F.3d at 1289; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). It should not make credibility determinations or weigh the evidence. *See Reeves*, 530 U.S. at 150. And it should disregard any evidence that favors the movant unless that evidence is uncontradicted, unimpeached, and comes from a disinterested witness. *See id.* at 151.

Here, the district court misapplied the summary judgment standard in at least two ways. First, it discredited evidence favorable to Albert. And second, it credited evidence favorable to ACAMS that came from interested witnesses. Thus, it erred by granting summary judgment.

First, there is a fact issue when expert opinions conflict and "none are outrageous on their face." *See Cox v. Ala. State Bar*, 392 F. Supp. 2d 1295, 1301–02 (M.D. Ala. 2005). Dr. Moore, a licensed clinical psychologist, determined what accommodations Albert needed to take the CAMS examination. (ECF No. 75-1 at 3.) She included taking the exam open book as such an accommodation. (ECF No. 66-2 at 4–5.)

The district court should have credited Dr. Moore's opinion as evidence in favor of Albert. Instead, the district court discredited it—essentially finding it not credible on the issue of reasonableness and necessity—because Dr. Moore used the word "beneficial" instead of "necessary"

18

and did not explicitly tie the accommodation to a symptom or difficulty resulting from Albert's disabilities. (*Id.* at 16–18.) But nothing in section 309 or federal regulations require magic words, and nothing in Rule 56 permits a district court to disregard evidence favorable to a non-movant because magic words are missing.

Further, the accommodations Albert requested were similar to the ones he received at the University of Northern Iowa. (ECF No. 1 at 6; ECF 68-3 at 2–3.) The Department of Justice regulation governing specific requirements for "[e]xaminations and [c]ourses" under the ADA says:

> When considering requests for modifications, accommodations, or auxiliary aids or services, the entity gives considerable weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations . . ."

28 C.F.R. § 36.309(b)(1)(v). Because any private entity offering an examination should give "considerable weight" to "past modifications, accommodations, or auxiliary aids or services" received, the district court should have at least considered Albert's previous accommodations. *See id.* It failed to do that.

19

In sum, both Dr. Moore and the University of Northern Iowa concluded that an open-book examination was an appropriate, reasonable accommodation for Albert—an "alternative accessible arrangment." The district court, however, discredited and disregarded that evidence. In doing so, it assumed a jury function, something courts may not do.

Second, the district court erred by crediting Oxman's declaration even though Oxman was an interested witness. When analyzing whether Albert's requested accommodation was reasonable and whether it would alter the nature of the exam, the district court relied on Oxman's declaration. (ECF 154 at 12. (citing Oxman declaration.) And from that declaration, the court concluded that allowing an open-book exam would lower the standards for passing the exam and that modifying the exam to an alternative format for would be too expensive. (*Id.*) It also extensively relied on statements from Oxman about what ACAMS intended for its exam to test and how it was designed. (*Id.* at 13 (quoting from Oxman's declaration).)

It repeated this same error when performing its necessity analysis. When assessing how ACAMS administers the exam to those without a disability and whether the requested accommodation would place Albert

on equal footing with non-disabled exam takers, the district court relied on Oxman. (*Id.* at 14–15, 18–19.) It was Oxman's declaration that stood at the center of the court's decision that Albert's requested accommodation was unnecessary.

The district court should not have credited Oxman, however, because he was not a disinterested witness. Instead, Oxman is an ACAMS employee—Director of Product Management or Director of Global Certification and Training. (ECF 66-1 at 2.) And "[a]n employee of the defendant[] is not a disinterested witness." *Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999); *accord Fuji Photo Film Co. v. Int'l Trad Comm'n*, 474 F.3d 1281, 1295 (Fed. Cir. 2007) (describing employees as "not disinterested witnesses"); *cf. also Joassin v. Murphy*, 661 F. App'x 558, 560 (11th Cir. 2016) (describing a former employee and a current contractor as "an interested witness"). This is true because, as an ACAMS employee, Oxman "is subject to [ACAMS'] influence, in a sense in [its] power." *Sapperstein*, 188 F.3d at 852.[2]

---

[2] Although it is less clear that the district court relied on any other ACAMS employee in its analysis, crediting other ACAMS employee declarations would be equally problematic.

21

Last, the evidence of Dr. Moore's opinion of what accommodations Albert needs and the evidence of the accommodations he received at Northern Iowa conflict with any evidence ACAMS could have shown that those accommodations were not reasonable and necessary. At summary judgment the district court should not weigh that conflicting evidence; instead, it should accept the non-movant's evidence—Albert's evidence. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996); *see also Reeves*, 530 U.S. at 150. It was error to do otherwise.

Here, there are genuine issues of material fact that preclude summary judgment. Therefore, the Court should reverse and remand.

## VI.   CONCLUSION

For these reasons, the Court should reverse the district court's decision granting summary judgment and remand for further proceedings.

Respectfully submitted,

s/ E. Travis Ramey
E. Travis Ramey

Attorney for Appellant
Brian Albert

**OF COUNSEL:**
Appellate Advocacy Clinic
University of Alabama School of Law
Box 870382
101 Paul W. Bryant Drive, East
Tuscaloosa, Alabama 35487
(205) 348-4960
tramey@law.ua.edu

No. 23-10678-B

*Brian Albert v. Association of Certified Anti-Money Laundering Specialists*

### CERTIFICATE OF COMPLIANCE

This brief complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief is in 14-point Century Schoolbook—a proportionately spaced font that includes serifs.

This brief complies with the type-volume limitations in Federal Rule of Appellate Procedure 32(a)(7)(B)(i). According to Microsoft Word's word count function, it contains 3,745 words, excluding the parts of the brief that are exempt under Federal Rule of Appellate Procedure 32(f).

s/ E. Travis Ramey
OF COUNSEL

No. 23-10678-B

*Brian Albert v. Association of Certified Anti-Money Laundering Specialists*

### CERTIFICATE OF SERVICE

I certify that on January 5, 2024, I filed a copy of this document with the Clerk of the Court using the CM/ECF system, which will serve it on all counsel of record.

s/ E. Travis Ramey
OF COUNSEL

25